IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVEN CRAIG VAN ROSS,**

        Petitioner,

    vs.                        CIVIL ACTION
                                        No. 12-3143-SAC

**J.L. SHELTON, et al.,**

        Respondents.

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

*Background*

Petitioner was convicted pursuant to his guilty plea in the District Court of Wyandotte County, Kansas, of aggravated robbery in violation of K.S.A. 21-3427. He was sentenced to a term of 185 months.

The claims for relief in this action are that the information failed to charge an offense and that the state district court lacked jurisdiction to accept petitioner's guilty plea or to sentence him.

Petitioner presented the first claim in a motion for

postconviction relief filed in the state district court. That court summarily dismissed the motion, and petitioner unsuccessfully appealed from that decision. *Van Ross v. State*, 261 P.3d 569 (Table)(Kan. App. 2011).[1]

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, where a state court has adjudicated a claim on its merits, the federal habeas court may grant relief only if the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The Kansas Court of Appeals evaluated petitioner's claim concerning the sufficiency of the charging document as follows:

> Van Ross' conviction for aggravated robbery came after he took a purse from a woman outside a store and injured her hands.... An aggravated robbery is "a robbery ... committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. And a robbery "is the taking of property from the person or presence of another by force or by threat of

---

[1] A copy of that unpublished order is attached.

> bodily harm to any person." K.S.A. 21-3426. [....]
>
> The charging document against Van Ross alleged that he had taken "a purse from another person." He contends that the charging document should have added "or [from the] presence of another [person]" to mirror the statutory language defining the crime. [....]
>
> Van Ross did not raise any objection to the charging document in the district court before he pled guilty and was sentenced. When a charging-document challenge is raised for the first time on appeal or in a post-conviction collateral attack, an appellate court applies a common-sense rule under which the charging document is sufficient if it would be fair to require the defendant to defend the case on the stated charge, even if an essential element is missing from the document. *Ferguson v. State*, 276 Kan. 428, 444, 78 P.3d 40 (2003); *State v. Edwards*, 39 Kan.App.2d 300, Syl. ¶ 5, 179 P.3d 472, *rev. denied*, 286 Kan. 1181 (2008). Under that rule, "[n]o harm will be found from a technical defect in the charging document unless it prejudiced the defendant's ability to prepare a defense, impaired the defendant's ability to plead the conviction in some later proceeding, or limited the defendant's substantial rights to a fair trial."
>
> Here, Van Ross has shown neither error nor harm. [...] Van Ross admitted during the plea hearing that the victim was wearing the purse when he took it from her, and the State offered evidence that she attempted to hold on to it as he took it from her. We therefore find no error in the charging documents...
> 39 Kan.App.2d 300, Syl. ¶ 5.

Petitioner's challenge to the sufficiency of the charging document is grounded in state law, and "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76

(2005)(citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Accordingly, the court finds petitioner is not entitled to relief.

Petitioner also asserts the court lacked jurisdiction to accept his guilty plea or to sentence him due to failure of the charging document to include every element of the offense. While the court has found no portion of the state appellate decision addressing this point[2], petitioner's claim does not merit relief. The charging document was sufficient to allow petitioner to defend the case against him, and petitioner offers no argument in support of this claim. He states only, "When the court fails to include every element of the offense it fails to charge that offense." (Doc. 1, p. 7.)

As discussed, petitioner's claim concerning the sufficiency of the charging document fails, and there is no legal basis to suggest that in such circumstances the state court might lack jurisdiction over the matter due to a technical defect in the charging instrument. Accordingly, this claim likewise fails.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

---

[2] Petitioner asserts he exhausted this claim for habeas corpus purposes by presenting it in his action under K.S.A. 60-1507. (Doc. 1, p. 8.)

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 8th day of August, 2012.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge