```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**STEVEN CRAIG VAN ROSS,**

                      **Petitioner,**

         **v.**                                    **CASE NO. 12-3143-SAC**

**J.L. SHELTON, et al.,**

                      **Respondents.**

**MEMORANDUM AND ORDER**

This matter comes before the court on three motions to alter or amend judgment filed by petitioner (Docs. 8-10).[1]

*Background*

Petitioner entered a guilty pl179 ea to aggravated robbery in the District Court of Wyandotte County, Kansas. In the commission of the crime, he took a purse from a woman and injured her hands.

Under state law at that time[2], an aggravated robbery was defined as "a robbery… committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3227. A robbery was defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426. *Van Ross v. State*, 2261 P.3d 569, 2011 WL 4906846, *1 (Kan. App. Oct. 14, 2011).

Petitioner brought this habeas corpus action pursuant to 28 U.S.C. § 2254, seeking relief on the ground that the criminal information failed to charge an offense and that, as a result, the

---

[1] The three motions appear to be essentially identical.
[2] The crime was committed in 2004.

state district court lacked jurisdiction to accept his plea or to sentence him.

The information alleged petitioner took "a purse from another person." He contended, however, that the information should have contained the additional language "or [from the] presence of another [person]" to fully reflect the statutory language.

The Kansas Court of Appeals (KCOA) specifically rejected this claim. It held that due to petitioner's failure to object to the charging document in the district court, it must apply "a common-sense rule under which the charging document is sufficient if it would be fair to require the defendant to defend the case on the stated charge, even if an essential element is missing from the document." *Van Ross*, 2011 WL 4906846 at *2 (citing *Ferguson v. State*, 78 P.3d 40 (Kan. 2003) and *State v. Edwards*, 179 P.3d 472, *rev. denied*, 286 Kan. 1181 (2008).

Under the circumstances of petitioner's crime, the KCOA found no error in the charging document, as the purse was taken from the victim's body and petitioner acknowledged during the plea hearing that the victim was wearing the purse when he took it from her. The KCOA found that the failure to include the words "or presence of another" did not impair petitioner's ability to defend himself or consider the plea agreement.

This court denied relief and summarily dismissed the petition.

*Analysis*

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right...to be informed of the nature and cause of the accusation...." U.S. Const., amend. VI. Likewise, due process requires "basic notice of the events for which a defendant must answer in court." *United States v. Rivera*, 837 F.3d

906, 917 (10th Cir. 1988). However, "[a]lthough a charging document may violate the Sixth Amendment if it fails to provide a defendant with adequate notice of the nature and cause of the accusation filed, the adequacy of a state criminal complaint presents a question of state law rather than federal law." *Amos v. Roberts*, 189 Fed. Appx. 803, 834 (10th Cir. 2006)(citing *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999).

The Kansas Court of Appeals reasonably resolved petitioner's claim against him. The information charging petitioner with aggravated robbery by taking a purse from another person clearly was adequate to supply notice of the charges and to allow him to prepare a defense. There was no constitutional error.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to alter or amend judgment (Docs. 8, 9, and 10) are denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**
DATED: This 28th day of November, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge